UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-cv-62669

DERRICK TURIZO,

    Plaintiff,

v.

LABOR FINDERS INTERNATIONAL, INC.

    Defendant.
_____/

**LABOR FINDERS INTERNATIONAL, INC.'S MOTION FOR SUMMARY
JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Labor Finders International, Inc. ("LFI" or "Defendant"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 56 and S.D. Fla. L.R. 56.1, requests entry of summary judgment in its favor on the grounds that Plaintiff has sued the wrong party given that LFI did not send the text messages alleged as the basis Plaintiff, Derrick Turizo's single count Complaint claim for violation of Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227(b) (COUNT I). As grounds therefore, LFI states as follows:

### I.    INTRODUCTION

Plaintiff, Derrick Turizo's ("Plaintiff" or "Mr. Turizo") Complaint [D.E. 1] for violations of the TCPA is based on the allegations that LFI sent marketing text messages to Plaintiff on his cellular phone without his express written consent, using an automatic telephone dialing system ("ATDS"). Plaintiff has sued the wrong party. LFI did not

105398513

send any text messages to Plaintiff. Accordingly, LFI is entitled to summary judgment in its favor as a matter of law as more fully set forth below.

## II. STATEMENT OF MATERIAL INDISPUTABLE FACTS

1. LFI did not send Mr. Turizo any text messages. *See* Affidavit of Jeffrey Burnett, ¶ 5, filed contemporaneously with this Motion ("Burnett Affidavit").

2. Labor Finders of Florida, LLC which is located in Jupiter, Florida ("Labor Finders"), was Mr. Turizo's employer. *See* Affidavit of Diane Tames, filed contemporaneously with this Motion ("Tames Affidavit"), ¶¶ 4 and 5; *see also* Employee Withholding Allowance Certificate attached to the Tames Affidavit as **Exhibit 1**.

3. Labor Finders was the entity that sent Mr. Turizo text messages regarding job opportunities, with his express written consent. *See* Tames Affidavit, ¶ 8; *see also* Applicant Questionnaire attached to the Tames Affidavit as **Exhibit 2**. Mr. Turizo provided his cell phone and the name of his cell carrier along with answering "Yes" to the question, "Can we contact you via text message?" on the Employment Application, Applicant Questionnaire. *See* **Exhibit 2** to Tames Affidavit.

4. The text messages set forth in paragraph 8 of the Complaint reflect that the text messages came from "jupiter@laborfinders.com". *See* Complaint, ¶ 8.

5. As further evidence that Labor Finders send text messages to Mr. Turizo, not LFI, a copy of the Employee Interaction Details for Mr. Turizo shows that the Labor Finders' employee, Vergilia Colina sent Mr. Turizo the text message he received on August 29, 2019. *See* Tames Affidavit, ¶ 8; *see also* Employee Interaction Details documents attached to Tames Affidavit as **Composite Exhibit 3**.

### III.  MEMORANDUM OF LAW

*A.     Standard for Summary Judgment*

Fed. R. Civ. P. 56(a) provides that "A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "Once the motion is supported by a prima facie showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion may not rest upon the mere allegations or denials in its pleadings; rather, its response must show that there is a genuine issue for trial." *In re Pierre*, 198 B.R. 389, 391 (S.D. Fla. 1996) *citing to Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-249 (1986) *and Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  "Thus, a party, who is faced with a properly supported summary judgment motion, is obligated to come forward with extrinsic evidence which is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" in order to avoid the entry of a summary judgment." *Hilburn v. Murata Elecs. N. Am., Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999) *citing to Celotex*, 477 U.S. at 322.  "There is no genuine issue for trial if the record, taken as a

whole, does not lead a rational trier of fact to find for the non-moving party." *Pierre*, 198 B.R. at 391 *citing to Matsushita,* 475 U.S. at 587.

B.   *There is No Genuine Issue of Fact that LFI Did Not Send Plaintiff Text Messages*

Plaintiff brings his claim under a provision of the TCPA which prohibits the use of an ATDS to call a cellular telephone without the recipient's consent.  The TCPA provides in pertinent part: "It shall be unlawful for any person within the United States ... to make any call ... using any [ATDS] ... to any telephone number assigned to a ... cellular telephone service.... 47 U.S.C. § 227(b)(1)(A)(iii)."  A text message to a cellular telephone qualifies as a "call" within the meaning of the TCPA. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 FCC Rcd. 14014, 14115 ¶ 165 (July 3, 2003).  Thus, Plaintiff alleges that Defendant violated the TCPA when it sent him text messages without his express written consent.

Mr. Turizo has not and cannot establish that LFI sent him any text messages as required to establish his alleged claim for damages under the TCPA.  LFI did not send Mr. Turizo any text messages.  *See* Burnett Affidavit ¶ 5; *see also* **Exhibits 1, 2 and Composite Exhibit 3** to the Tames Affidavit.  As a result, Mr. Turizo cannot establish a necessary element of his claim under the TCPA and the Court should grant final summary judgment in favor of LFI and against the Plaintiff on Mr. Turizo's Complaint. see e.g. *Gillman v. U.S.*, 2006 WL 8431806 (S.D. Fla. May 4, 2006)(Summary judgment granted were defendant was wrong party).

- 5 -

WHEREFORE, Labor Finders International, Inc. moves the Court for an entry of an Order granting final summary judgment in its favor and against Plaintiff, with prejudice and for such other and further relief as the Court deems necessary and proper.

                                                  FOX ROTHSCHILD LLP
                                                  777 South Flagler Drive, Suite 1700
                                                  West Palm Beach, FL 33401
                                                  Telephone: (561) 804-4419
                                                  Facsimile: (561) 835-9602

                                                  By: */s/ Heather L. Ries*
                                                  Heather L. Ries
                                                  Florida Bar Number: 581933
                                                  hries@foxrothschild.com

*Attorneys for Defendant, Labor Finders International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of November, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                  By: */s/ Heather L. Ries*
                                                     Heather L. Ries

- 6 -

SERVICE LIST
Derrick Turizo v. Labor Finders International, Inc.
USDC Case No: 0:19-cv-62669

| | |
|---|---|
| Jibrael S. Hindi<br>Florida Bar No. 118259<br>jibrael@jibraellaw.com<br>Thomas J. Patti<br>Florida Bar No. 118377<br>tom@jibraellaw.com<br>The Law Offices of Jibrael S. Hindi<br>110 SE 6th Street, Suite 1744<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 907-1136<br>Facsimile: (855) 529-9540<br><br>Attorneys for Plaintiff, Derrick Turizo | Heather L. Ries<br>Florida Bar Number: 581933<br>hries@foxrothschild.com<br>FOX ROTHSCHILD LLP<br>777 S. Flagler Drive<br>Suite 1700 West Tower<br>West Palm Beach, FL 33401<br>Telephone: (561) 804-9600<br>Facsimile: (561) 835-9602<br><br>Attorneys for Defendant, Labor Finders International, Inc. |

- 6 -